IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CT-3261-FL

| MARQUEL L. WARREN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JERRY EVANS, JERRY LANGLEY, | ) | |
| GARY L. BRINN, ED BOOTH, HOOD | ) | |
| RICHARDSON, STAN DEATHERAGE, | ) | |
| KATHRYN BRYAN, ERNIE | ) | |
| COLEMAN, and FRANKIE WATERS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion for summary judgment (DE 25) pursuant to Federal Rule of Civil Procedure 56. Plaintiff responded in opposition and in this posture the issues raised are ripe for ruling. For the reasons that follow, the court grants the motion.

## STATEMENT OF THE CASE

Plaintiff, a former state pretrial detainee proceeding pro se, commenced this action in Beaufort County Superior Court on July 29, 2019, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983 and a claim for negligence under North Carolina law. Plaintiff alleges defendants Jerry Evans, Jerry Langley, Gary L. Brinn, Ed Booth, Hood Richardson, Stan Deatherage, Kathryn Bryan, Ernie Coleman, and Frankie Waters, all of whom are Beaufort County government officials, failed to provide plaintiff with adequate space to exercise, sanitary living

conditions, and sufficient natural lighting while he was housed as a pretrial detainee at the Beaufort County Detention Center.  Plaintiff seeks monetary damages and an injunction directing defendants to remedy the alleged problematic conditions at the detention center.

Defendants removed the instant action to this court on August 30, 2019, invoking the court's subject matter jurisdiction under 28 U.S.C. § 1331.  Following a period of discovery, and in accordance with the court's case management order, defendants filed the instant motion for summary judgment on May 7, 2020.  In support of the motion, defendants rely upon a memorandum of law, statement of material facts, declaration of Lieutenant Kathryn Bryan with the Beaufort County Detention Center, and mental health records maintained by the detention center.

That same day, the court provided plaintiff notice of the motion pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which explained the deadline for responding, warned plaintiff of the consequences of failing to respond, and provided instructions regarding the evidence necessary to respond to the motion.  Plaintiff responded in opposition to the instant motion on June 3, 2020, but did not file opposing statement of material facts or other verified evidence in support of his claims.

On June 29, 2020, the court construed plaintiff's May 4, 2020, motion for extension of time to complete discovery as seeking in part extension of time to respond to the instant motion for summary judgment.  The court granted the motion in that part and provided plaintiff an additional 30 days from the date of the order to supplement his response to the instant motion for summary judgment.  Plaintiff, however, did not file a supplemental response.

**COURT'S DISCUSSION**

A.      Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the

party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

B.    Analysis

Defendants have satisfied their burden of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. As noted, plaintiff alleges defendants failed to provide sanitary living conditions, adequate space for exercise, or sufficient natural lighting at the Beaufort County Detention Center. (Compl. (DE 1-3) at 23-24). Assuming without deciding that these allegations state viable claims for violation of plaintiff's Fourteenth Amendment rights or a negligence claim under North Carolina law, defendants have established the record contains no competent evidence supporting these assertions. (Defs' Mem. (DE 28) at 6-; Bryant Decl. (DE 27-1)). Furthermore, the complaint is not verified and, therefore, it cannot be considered an opposing affidavit for purposes of resolving defendants' motion for summary judgment. (See Compl. (DE 1-3) at 21-26); Goodman v. Diggs, 986 F.3d 493, 498 (4th Cir. 2021).

4

Where defendants have satisfied their burden of showing the absence of a genuine issue of material fact, the burden shifts to plaintiff to "come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586-87. Because plaintiff has not offered competent summary judgment evidence in support of his allegations and his complaint is not verified, he has failed to meet this burden. See Celotex, 477 U.S. at 324; Goodman, 986 F.3d at 498. Accordingly, defendants are entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Brooks v. Johnson, 924 F.3d 104, 111 (4th Cir. 2011).

## CONCLUSION

Based on the foregoing, defendants' motion for summary judgment (DE 25) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 3rd day of March, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge

5

Case 5:19-ct-03261-FL   Document 34   Filed 03/03/21   Page 5 of 5